UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM GENE EATON, <br> Petitioner, <br> v. <br> JEFFREY GRONDOLSKY, WARDEN <br> Respondent. | ) <br> ) <br> ) CIVIL ACTION NO. 17-40069-DHH <br> ) <br> ) <br> ) <br> ) |

ORDER FOR REASSIGNMENT AND
REPORT AND RECOMMENDATION FOR DISMISSAL

MAY 24, 2017

Hennessy, M.J.

On May 12, 2017, petitioner William Gene Eaton ("Eaton"), now in custody at FMC Devens, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. With the petition, Eaton filed a copy of his prison account statement. This action was randomly assigned to the undersigned Magistrate Judge pursuant to the District Court's Program for Random Assignment of Civil Cases to Magistrate Judges.

I.  BACKGROUND AND PROCEDURAL HISTORY

After jury trial, Eaton was convicted in the Western District of Oklahoma of two counts of bank robbery, one count of using a firearm during a crime of violence, one count of being a felon in possession of a firearm, and several counts of obstruction of justice and witness tampering. United States v. Eaton, CR98-183-R (W.D. Okla. 1999). On the armed robbery counts, Eaton was sentenced to life imprisonment pursuant to the so-called Three Strikes Statute, 18 U.S.C. § 3559(c). Id.

Eaton filed a direct appeal arguing that the district court erred in: (1) denying his motion to suppress letters that the Government obtained as a result of a conversation with Eaton without his counsel, (2) denying his motion to suppress the testimony of Billy Creech and Clifford Henderson because they received leniency or immunity in exchange for their testimony, (3) denying Eaton's motion to sever four counts of the indictment for prejudicial joinder, and (4) applying the three strikes statute using convictions greater than 15 years old. United States v. Eaton, No. 99-6151, 208 F.3d 227 (10th Cir. Mar. 21, 2000) (unpublished table). The Court of Appeals for the Tenth Circuit affirmed Eaton's convictions and the life sentence. Id.

Eaton filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel based on four alleged errors, including failure to seek dismissal because of the Government's allegedly unexcused failure to file the indictment within 30 days of his arrest. The district court analyzed this argument as a Speedy Trial Act objection and denied relief on all grounds. United States v. Eaton, CR98-183-R (W.D. Okla. Nov. 7, 2000).

Eaton's request to the Court of Appeals for the Tenth Circuit for a certificate of appealability to appeal the dismissal of the Section 2255 motion was denied. United States v. Eaton, No. 00-6454, 20 Fed.Appx. 763 (10th Cir. Sept. 20, 2001) (unpublished).

In October 2012, Eaton filed a Rule 60 Motion for Reconsideration of the denial of his § 2255 motion 12 years earlier. United States v. Eaton, CR98-183-R (W.D. Okla.). In his motion for reconsideration, Eaton argued, among other things, that his Section 2255 petition had raised a claim that the Government's pre-indictment delay violated his due process rights and deprived the trial court of jurisdiction, and that the district court erroneously construed these arguments as a Speedy Trial Act claim. The Rule 60 motion for reconsideration was denied and the Tenth

Circuit affirmed the denial.  United States v. Eaton,  No. 12-6262, 506 Fed.Appx. 837 (10th Cir. Jan. 4, 2013) (unpublished).

On May 12, 2017, Eaton filed this petition.  He argues here, as he has previously, that the government failed to secure a timely indictment and that his attorney was constitutionally ineffective in failing to seek dismissal of the untimely indictment.  He also now alleges that his attorney was ineffective in conceding in his opening statement that Eaton was a convicted felon, in failing to call witnesses, and in conceding that Eaton wrote letters to individuals urging them to serve as alibi witnesses.  These letters were apparently evidence in the trial of the charges of obstruction of justice and witness tampering.

II.     SAVINGS CLAUSE JURISDICTION

In general, pursuant to 28 U.S.C. § 2255, the court in which a federal defendant was convicted and sentenced has exclusive jurisdiction over post-conviction proceedings challenging the validity of the conviction or sentence.  Section 2255(e), known as the "savings clause," preserves a limited role for the court in the district of a federal inmate's incarceration to exercise jurisdiction, under 28 U.S.C. § 2241, to consider a challenge to the validity of an inmate's detention.  See United States v. Barrett, 178 F.3d 34, 49 (1st Cir. 1999), cert. denied, 528 U.S. 1176 (2000); see Rogers v. United States, 180 F.3d 349, 357 n.15 (1st Cir. 1999) cert. denied, 528 U.S. 1126 (2000) (a motion under § 2255 is the "exclusive remedy in the sentencing court for any errors occurring at or prior to sentencing, including construction of the sentence itself."). Section 2255(e) provides as follows:

> An application for a writ of habeas corpus in behalf
> of a prisoner who is authorized to apply for relief by
> motion pursuant to [§ 2255], shall not be entertained
> ... unless it ... appears that the remedy by motion
> [under § 2255] is inadequate or ineffective to test
> the legality of his detention.

28 U.S.C. § 2255(e) (emphasis added).  The issue of the adequacy and effectiveness of the § 2255 remedy in a case is jurisdictional, as the proper district for filing the petition depends on whether the petition is filed under § 2241 or § 2255. See Bryant v. Warden, 738 F.3d 1253, 1262 (11th Cir. 2013).

Courts allow recourse to the savings clause only "in rare and exceptional circumstances," such as those where the restrictions on § 2255 motions would result in a "complete miscarriage of justice." Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008) (quoting in part In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)).  "Most courts have required a credible allegation of actual innocence to access the savings clause." Id.; see Barrett, 178 F.3d at 52-53 (discussing availability of §2241 where a petitioner claims "actual innocence"); see also United States v. Almenas, 52 F.Supp.3d 341, 345 (D. Mass. 2014) (Saylor, J.) ("the savings clause is most often used in situations where a retroactive Supreme Court decision as to the meaning of a criminal statute would mean that [the petitioner] was not guilty of the crime of which he was convicted," and that most courts have required "a credible allegation of actual innocence that the petitioner could not have effectively raised at an earlier time," before allowing petitioners to take advantage of savings clause).

If nothing prevented the petitioner from raising his §2241 claims in a first §2255 motion, he cannot prevail in asserting that the §2255 process has been inadequate or ineffective to challenge his detention. See Bryant, 738 F.3d at 1272; see also Barrett, 178 F.3d at 53.  The savings clause does not apply merely because §2255 relief has already been denied, or because a petitioner has been denied permission to file a second or successive § 2255 motion, or because a second or successive §2255 motion has been dismissed, or because the one year period of limitations has expired.  United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir.  2000); see

4

Hernandez-Albino v. Haynes, 368 Fed. Appx. 156, 2010 WL 850191, *1 (1st Cir. 2010) (unpublished decision stating " . . . [t]he remedy in section 2255 does not become 'inadequate or ineffective' simply by virtue of the fact that the prisoner is not able to meet the gate-keeping requirements for second or successive petitions."); Nascimento v. United States, 2012 WL 1004316, *3 (D. Mass. 2012) (a prisoner "may not circumvent statutory restrictions by filing a habeas petition under § 2241 instead of § 2255").

III.   ANALYSIS

A close review of the issues raised in the instant § 2241 petition reveals that Eaton had already raised these issues in his direct appeal, in his § 2255 motion, and in his Rule 60 motion for reconsideration.

Eaton does not raise any new matters in the instant § 2241 petition.  Far from it, as in his § 2255 motion, Eaton again argues that he "was not indicted timely."  See Pet. at page 4.  Eaton again complains that his counsel was ineffective, basing this complaint on counsel's failure to file a motion to dismiss based on the government's failure to secure a timely indictment and to challenge on appeal the untimeliness of the indictment. Id. at 11.  In the instant petition, Eaton also argues his attorney was constitutionally ineffective for failing to call witnesses, effectively cross-examine government witnesses, and to call Eaton to the stand, for conceding in his opening statement that Eaton was a convicted felon and had authored letters that asked witnesses to provide Eaton with an alibi. Id at pp. 5-8.  Eaton makes no credible allegation of actual innocence.  Rather, he makes passing reference to 'actual innocence,' as a reminder to the court that such an assertion serves as a gateway to file a habeas petition. Id. at page 2.   While Eaton does assert later that he is actually innocent, this assertion lacks credibility and rests on his broad

claim that he and unidentified witnesses, if they had been called, would prove that Eaton was misidentified as one of the bank robbers. Id. at 8.

In this case, it is clear that § 2255 relief is not available to Eaton because he already unsuccessfully sought relief from the sentencing court and the Tenth Circuit. Each time, he was denied the relief sought. As the authorities cited above show, this does not render § 2255 inadequate. Thus, absent permission to file a second or successive § 2255 motion from the Tenth Circuit, this avenue of relief is foreclosed to him. See 28 U.S.C. § 2255(a).

Also of significance is the fact that Eaton has presented no new discernible factual circumstances nor put forth any relevant legal authority or intervening change in the law from which this Court reasonably could conclude that § 2255 is an inadequate or ineffective remedy to test the legality of his detention. Finally, the Court does not find that Eaton's petition has put forth any exceptional facts or circumstances that demonstrate that there would be a complete miscarriage of justice should § 2241 habeas relief not be granted.

For all of these reasons, the Court finds that the savings clause does not provide authority for Eaton to bring this § 2241 habeas petition and the Court recommends that the petition be denied and this action dismissed.

IV.     ORDER FOR REASSIGNMENT

This Court will direct that the case file for this action be returned to the Clerk's Office for REASSIGNMENT to a District Judge for dismissal.

V.      RECOMMENDATION TO DISTRICT JUDGE

Based on the foregoing, this Court RECOMMENDS to the District Judge to whom this case is reassigned that the petition be dismissed.

VI.   NOTICE OF RIGHT TO OBJECT

Petitioner is hereby advised, pursuant to Fed. R. Civ. P. 72, any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within 14 days of receipt of this Order for Reassignment and Report and Recommendation for Dismissal.  The written objections must identify with specificity the portions of the recommendation or report to which objection is made and the basis for such objections.  See Fed. R. Civ. P. 72(b)(2).  Eaton is further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Keating v. Sec'y of Health & Hum. Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140 (1985).

VII.   CONCLUSION

Accordingly, it is hereby Ordered that:

1. Based upon Eaton's financial disclosures, the Court finds that he has insufficient funds to pay the $5 filing fee for this action and allows Eaton to proceed *in forma pauperis*;

2. The captioned is corrected to list Warden Grondolsky as the proper respondent;

3. The Court directs REASSIGNMENT of this action to a District Judge; and

4. This Court RECOMMENDS to the District Judge to whom this case is assigned that the petition for writ of habeas corpus be denied and the case dismissed in its entirety.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　  /s/ **David H. Hennessy**
　　　　　　　　　　　　　　　　　　　　David H. Hennessy
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE